IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL R. LEGORE, # M24396, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-01137-MJR |
| ) | |
| COUNSELOR ALLSUP, ) | |
| SGT KROUSY, ) | |
| COUNSELOR COWAN, ) | |
| DEBBIE KNAUER, ) | |
| OFFICER DEATHROW, and ) | |
| UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Nathaniel LeGore, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivation of his constitutional rights at Menard. Plaintiff claims he is disabled and is suffering as a result of his medical needs not being appropriately addressed at Menard in violation of the Eighth Amendment. (Doc. 1, pp. 7-31). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court concludes that the Complaint survives preliminary review.

### The Complaint

Plaintiff is a disabled veteran with a degenerative spinal disease, left shoulder instability, chronic left wrist strain, neck strain, and depressive disorder. (Doc. 1, p. 19). At times, his back "goes out," leaving him bedridden for weeks at a time. (Doc. 1, pp. 10-12, 22). According to the Complaint, Plaintiff has difficulty getting into the top bunk, particularly because there is no stepstool or ladder, and his efforts to do so cause stress on his shoulders and back. (Doc. 1, p. 22). Plaintiff possesses a lower bunk permit for his disability. (Doc. 1, p. 7). However, he has not been assigned a lower bunk in conformity with the permit, despite repeated protests to and/or grievances filed with Deathrow, Krousy, Allsup, Cowan, Knauer, and Menard's Medical Director. *Id*. Plaintiff was instead assigned an upper bunk at Menard on February 1, 2016. *Id*.

At times, when his back "goes out," Plaintiff alleges that "food is not brought to [him]." (Doc. 1, p. 22). He is forced to eat whatever food may be in his "property box." *Id*. In addition,

Plaintiff has been denied appropriate pain medication and has instead only been provided with ibuprofen, which is ineffective. *Id.* Plaintiff has also filed at least one grievance alleging some officers do not double cuff him despite his double cuff permit. *Id.*

Plaintiff now sues Deathrow (Peace Officer), Krousy (Sergeant), Allsup (Counselor), Cowan (Counselor Supervisor), Knauer (Administrative Review Board), and Menard's Medical Director for violating his constitutional rights. He seeks monetary damages and injunctive relief in the form of a court order requiring his transfer to a cell where he can sit up on his bunk and requiring prison staff to adhere to his low-bunk and double cuff permits. (Doc. 1, p. 9).

## Discussion

The Court finds it convenient to divide the Complaint into the following enumerated counts. The organization of these counts should not be construed as an opinion regarding their merits. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1:** Defendants exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment when they refused to honor his low bunk permit, assigned him to a top bunk without a ladder or steps beginning February 1, 2016, failed to provide him with appropriate pain medications, and refused to honor his double cuff permit.
>
> **Count 2:** Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and/or Rehabilitation Act of 1973, § 504, 29 U.S.C. §§ 794-794e, by failing to accommodate Plaintiff's disability-related needs by assigning him to a top bunk without a ladder or steps despite his disability and low bunk permit, refusing to honor his double cuff permit, and failing to ensure he receives meals when he is bedridden.

As discussed in more detail below, Count 1 is subject to further review against each of the defendants, and Count 2 is subject to further review against the Illinois Department of

Corrections. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

### Count 1 – Medical Needs

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The unrelenting pain stemming from Plaintiff's diagnosed degenerative spinal disease and left shoulder injury described in the Complaint satisfy the objective component of Count 1 for screening purposes. However, the analysis of these claims does not end there.

The Complaint must also satisfy the subjective component of these claims. To do so, the Complaint must suggest that the defendants exhibited deliberate indifference to Plaintiff's serious medical need. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference

4

could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

This standard is satisfied with respect to Count 1 against each of the defendants. According to the Complaint, the Menard Medical Director failed to respond to Plaintiff's request for appropriate pain medication and his complaint about staff not adhering to his low bunk and double cuff permits, despite being informed of these needs. (Doc. 1, p. 2). The rest of the defendants (Deathrow, Allsup, Krousy, Cowan, and Knauer) were made aware of Plaintiff's need for placement in a lower bunk, pain medication, and/or double cuffs in detailed grievances and/or face-to-face conversations, and ignored or failed to adequately address Plaintiff's needs despite this knowledge. (Doc. 1, pp. 1-4, 7-8, 21-22). These allegations support a claim of deliberate indifference under Count 1 against each defendant.

## Count 2 – ADA and/or Rehabilitation Act

Plaintiff does not specifically assert a claim against the defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. §§ 794-794e. However, courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when a litigant is proceeding *pro se*. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2010) (citations omitted). On this basis, the Court will *sua sponte* recognize claims under the ADA and/or Rehabilitation Act (Count 2). Count 2 is premised upon some of the same allegations that underpinned Count 1 regarding the defendants' failure to accommodate Plaintiff's disability by assigning him to a lower bunk per his permit, honoring his double cuff permit, and ensuring he receives meals when he is bedridden. The ADA and Rehabilitation Act prohibit discrimination against qualified individuals because of

their physical or mental disability, including a failure to accommodate a disability. *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012).

In order to make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act, a plaintiff must show: (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005). The Rehabilitation Act further requires that a plaintiff show that the program in which he was involved received federal financial assistance. *Id.* at 810 n.2; *see also* 29 U.S.C. § 794(a). *Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015).

The ADA applies to state prisons, and all such institutions receive federal funds. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998); *Jaros*, 684 F.3d at 667. Thus, the two statutory schemes are applicable to this situation. "Disability includes the limitation of one or more major life activities, which include walking, standing, bending, and caring for oneself." *Jaros*, 684 F.3d at 672. Plaintiff has degenerative disc and joint disease of the lumbar spine that inhibits his movement for extended periods of time. He also suffers from left shoulder instability, a chronic left wrist strain, a neck strain, and depressive disorder, all acknowledged by the U.S. Department of Veterans Affairs. (Doc. 1, p. 19). The allegations in the Complaint suggest that he suffers from a disability as defined in the ADA and Rehabilitation Act.

In *United States v. Georgia*, 546 U.S. 151 (2006), the Supreme Court concluded that a disabled inmate can sue the State for money damages under Title II of the ADA for "deliberate refusal of prison officials to accommodate [the inmate's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs" if the

conduct in question also constitutes deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  *Id.* at 157–159.  The Seventh Circuit has also recognized that, in a prison setting, access to meals and certain housing facilities, including showers, toilets and sinks, are among the programs and activities protected by the ADA and the Rehabilitation Act.  *Jaros*, 684 F.3d at 672; *see also Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 916 (N.D. Ill. 2010); *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998).  Further, if showers and meals are considered "programs" or "activities" which must be accessible to disabled inmates, "then the basic need for an adequately accessible bed may also be viewed as such."  *See Simmons v. Illinois Department of Corrections*, No. 14-cv-479-JPG, 2014 WL 2159000, at *4 (S.D. Ill. May 23, 2014).  Plaintiff alleges that prison officials failed to ensure he had access to meals when he was bedridden from his disability and failed to assign him to a lower bunk so that he would not risk further harm to himself when getting into bed.  Taking these allegations as true, the Court finds that Plaintiff was deprived of "programs" protected by the ADA and Rehabilitation Act based on the allegations in the Complaint.

Plaintiff's need for an accommodation seems "obvious" and sufficient to impute that knowledge to prison officials.  *See Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1196–98 (10th Cir. 2007); *Kiman v. New Hampshire Dep't of Corr.*, 451 F.3d 274, 283 (1st Cir. 2006).  Furthermore, Plaintiff made each of the defendants aware of his need for accommodation either through detailed grievances or in face-to-face conversations.  Consequently, Count 2 generally states colorable ADA and Rehabilitation Act claims, but that does not end the analysis.

Although Plaintiff has named a number of officials in connection with the factual allegations supporting this claim, the only proper defendant in a claim under the ADA or Rehabilitation Act is the state agency (or a state official acting in his or her official capacity).

"[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131." *Jaros*, 684 F.3d at 670 (additional citations omitted). Defendants Deathrow, Allsup, Krousy, Cowan, Knauer, and the Menard Medical Director will therefore be dismissed with prejudice from Count 2, as they are not susceptible to these claims under the ADA or Rehabilitation Act. Count 2 shall proceed against the Illinois Department of Corrections, however, and the Clerk shall be directed to add this entity as a party Defendant.[1]

### Injunctive Relief

Plaintiff seeks injunctive relief that includes a new room assignment and staff adherence to his low bunk and double cuff permits. If ordered, this injunctive relief will need to be carried out by Menard's warden. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (when injunctive relief is sought, it is generally appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity). Therefore, this Court will direct the Clerk to add the Warden of Menard, in his or her official capacity only, for the purpose of carrying out any injunctive relief that may be granted. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d);[2] *Gonzalez,* 663 F.3d at 315.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against Menard's Medical Director ("Unknown Party"). However, this defendant must be identified with particularity before service of the Complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim,

---

[1] Federal Rule of Civil Procedure 21 states in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party."
[2] FED. R. CIV. P. 21. Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the Warden of Menard is being added as a defendant to carry out any injunctive relief that is ordered. He or she shall also be responsible for responding to discovery aimed at identifying this unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Menard's Medical Director is discovered, Plaintiff shall file a Motion to Substitute the newly identified defendant in place of the general designation in the case caption and Complaint.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

### Disposition

The Clerk is **DIRECTED** to **ADD** as a defendant in CM/ECF the WARDEN OF MENARD, in his or her official capacity only, for the purpose of carrying out any injunctive relief that is ordered and responding to discovery aimed at identifying the prison's medical director by name.

The Clerk is also **DIRECTED** to **ADD** as a defendant in CM/ECF the Illinois Department of Corrections.

**IT IS HEREBY ORDERED** that, for the reasons stated above, **COUNT 1** shall proceed against Defendants **DEATHROW, ALLSUP, KROUSY, COWAN, KNAUER**, the **MEDICAL DIRECTOR OF MENARD**, and the **WARDEN OF MENARD** (official capacity only).

**IT IS FURTHER ORDERED** that **COUNT 2** shall proceed against the **ILLINOIS**

**DEPARTMENT OF CORRECTIONS**. This claim is considered **DISMISSED** with prejudice against Defendants **DEATHROW, ALLSUP, KROUSY, COWAN, KNAUER**, and the **MEDICAL DIRECTOR OF MENARD**.

**IT IS ORDERED** that as to **COUNTS 1** and **2**, Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon defendants. However, if Plaintiff desires to request the appointment of the United States Marshal to serve process on these defendants, Plaintiff shall file a Motion for Service of Process at Government Expense, within 35 days of the date of entry of this order. The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

If Plaintiff does not timely file a Motion for Service of Process at Government Expense, it shall be Plaintiff's responsibility to have defendants **DEATHROW, ALLSUP, KROUSY, COWAN, KNAUER**, the **MEDICAL DIRECTOR OF MENARD** (once identified), the **WARDEN OF MENARD** (official capacity only), and the **ILLINOIS DEPARTMENT OF CORRECTIONS** served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that only a non-party may serve a summons. *See* FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the Complaint and this Memorandum and Order for each defendant, and shall forward the same to the United States Marshal for service. If Plaintiff does not file a Motion for Service of Process at Government Expense within 35 days as ordered, the Clerk shall then prepare a summons for each defendant, and shall forward the summonses and

sufficient copies of the Complaint and this Memorandum and Order to Plaintiff so that he may have defendants served.

Plaintiff is **ORDERED** to serve upon defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 2) and a plan for discovery aimed at identifying Menard's Medical Director.

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 12, 2017**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**